Filed 9/24/13  P. v. Irby CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058543 |
| v. | (Super.Ct.No. FVI017908) |
| MICHAEL CAPRICE IRBY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Patricia M. Ihara, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I

INTRODUCTION

Defendant Michael Caprice Irby challenges the trial court's order denying his

1

petition for resentencing under Penal Code section 1170.126.[1]  As discussed below, the trial court's order is affirmed.

## II

## STATEMENT OF THE CASE

Defendant was charged for committing the following crimes in 2003:  count 1 - second degree commercial burglary (§ 459); count 2 -  second degree robbery (§ 211) with a gun enhancement (§ 12022, subd. (a)(1)); count 3 - possession of ammunition (§ 12316, subd. (b)(1)); and count 4 - assault with a deadly weapon (§ 245, subd. (a)(1)). It was also alleged as to counts 1, 2, and 4 that he personally inflicted great bodily injury (§ 12022.7, subd. (a).)

Defendant pleaded guilty to count 2, robbery (§ 211), a great bodily injury enhancement (§ 12022.7, subd. (a)), and a prior strike conviction (§§ 667, subds. (a)-(i), 1170.12, subds. (a)-(d)).  Defendant's stipulated second strike sentence consisted of the upper term of five years, doubled to 10 years for the robbery, and a consecutive sentence of three years on the great bodily injury enhancement, for a total determinate term of 13 years.

On February 13, 2013, defendant filed a handwritten petition asking the trial court if he qualified for sentencing modification under section 1170.126.  The trial court found that defendant was not eligible for modification of his sentence under section 1170.126,

---

[1]  All statutory references are to the Penal Code unless stated otherwise.

subdivision (e), because his current offense is for robbery, a serious felony, and because of the great bodily injury enhancement. The trial court denied defendant's petition.

Defendant appealed from this decision. Upon defendant's request, this court appointed counsel to represent him.

III

ARGUMENT

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case and a summary of the facts, and requesting this court to conduct an independent review of the record. We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

Proposition 36, which amended the Three Strikes Law, permits a prisoner serving an indeterminate life sentence with two prior strike convictions to petition for resentencing if his current conviction is not a serious or violent felony, among other criteria. (§ 1170.126, subd. (e)(i).) Defendant is not eligible for resentencing under section 170.126 because he received a determinate sentence of 13 years based on one prior strike conviction. Even if section 1170.126 applied, defendant would not be eligible for resentencing because he committed a serious felony with an enhancement for great bodily injury. The trial court did not err in denying defendant's petition under section 1170.126.

3

## IV

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

HOLLENHORST
Acting P. J.

KING
J.